```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY BRIGGS, a natural man,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                    14-CV-1759 (RRM) (JMA)
        - against -

WELLS FARGO BANK, N.A., a national
banking association,

                Defendants.
------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Anthony Briggs alleges that defendant Wells Fargo Bank, N.A. ("Wells Fargo") committed a variety of violations of state and federal law in attempting to recover on Briggs' mortgage loan after Briggs defaulted. Briggs states that Wells Fargo failed to properly respond to multiple "notices of dispute," failed to correct or investigate numerous allegedly false statements it made to credit reporting agencies, and engaged in deceptive and unlawful practices in trying to collect on the debt. However, as Wells Fargo maintains in a Motion to Dismiss Briggs' complaint, Briggs misunderstands the nature of Wells Fargo's obligations under the law. Wells Fargo was not required to respond to Briggs' notices of dispute and it is not subject to the Fair Debt Collection Practices Act. Moreover, the deceptive practices that he accuses Wells Fargo of were not directed at the consuming public, and Briggs does not sufficiently allege that Wells Fargo controlled A&J Process Servers (the organization he accuses of falsifying an affidavit certifying that it served him with process), that Wells Fargo owed him a special duty of care (much less that it violated such a duty), or that Wells Fargo's conduct was "extreme and outrageous" to the level that would constitute intentional infliction of emotional distress.

For the reasons that follow, Briggs fails to state a claim for relief, and Wells Fargo's

Motion to Dismiss is **GRANTED**.

# **BACKGROUND**[1]

In his complaint, Briggs claims that he "entered into a consumer transaction," or mortgage, with Firstrate Capital Corporation on December 2, 2002.[2] (Compl. ¶ 8.) The mortgage was transferred to Wells Fargo, and in August 2011 Wells Fargo "initiated a collection action" against him in New York state court (the "Foreclosure Action"), alleging that Briggs had failed to make his mortgage payments.[3] (Compl. ¶ 9.) Briggs alleges that he was never served with the complaint or a summons and that the September 2011 affidavit of service (Compl. Ex. A at 16) contained an erroneous description of him and his property; as a result, he claims that he did not learn of the lawsuit until December 18, 2013. Once he did so, Briggs alleges he served Wells Fargo with two Notices of Dispute, the second of which it answered on January 3, 2014, confirming the existence of the loan, and referring Briggs to his original loan documents for the details of the loan. Briggs claims that after Wells Fargo received these Notices of Dispute, it failed to investigate them and to correct inaccurate information on his credit report. Briggs alleges that these failures, along with the actions taken by Wells Fargo in attempting to collect on the debt and by its hired process server, A&J Process Service ("A&J"), in purportedly falsifying an affidavit of service, were deceptive and unlawful and have caused him significant financial

---

[1] At this stage, the Court's review is limited to facts stated on the face of the complaint, facts found in documents incorporated by reference in the complaint or integral to the claims alleged, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). For the purposes of Rule 12(b) review, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in Briggs' favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

[2] Wells Fargo characterizes this transaction as a mortgage loan, and while it is unclear whether Briggs disputes this characterization, (*see* Reply in Opp'n (Doc. No. 15) at 1, 4), the Court can discern no viable argument that the transaction is not, in fact, a mortgage, and will characterize it as such here. In addition, Briggs attached to his (improperly filed) sur-reply a signed document from the New York City Department of Finance, Office of the City Register, characterizing the transaction as a mortgage. (*See* Reply to Def's Mem. in Supp. (Doc. No. 17) at 34.)

[3] Though Briggs does not allege facts regarding a transfer of the mortgage, Wells Fargo represents that such a transfer occurred, as do the attachments to Briggs' sur-reply, which indicate that Mortgage Electronic Registration Systems Inc., acting as a nominee for Firstrate Capital Corp., assigned the loan to Wells Fargo on September 29, 2010. (*See id.*)

and emotional harm.

## STANDARD OF REVIEW

In order to withstand Wells Fargo's motion to dismiss, Briggs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Rather, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). While the Court assumes the truth of the facts alleged in the complaint and draws all reasonable inferences in Briggs' favor, it is not "bound to accept as true a[ny] legal conclusion couched as a factual allegation." *Sharkey v. Quarantillo*, 541 F.3d 75, 82–83 (2d Cir. 2008) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (citations omitted). In other words, trial courts hold *pro se* complaints to a less exacting standard than they hold complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)

(citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

### A. Collateral Estoppel

Wells Fargo argues as an initial matter that, to the extent that any causes of action alleged in Briggs' complaint arise out of the alleged improper service of process in the Foreclosure Action, they are barred by the doctrine of collateral estoppel, which "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (quoting *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984)). Collateral estoppel applies when: "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455–56 (1985)); *accord Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145, 2009 WL 5178654, at *9–10 (S.D.N.Y. Dec. 23, 2009) (borrowers were collaterally estopped from rearguing validity of mortgage when that issue had been decided in state court foreclosure action), *aff'd* 458 F. App'x 23 (2d Cir. 2012).

Briggs moved to dismiss the Foreclosure Action for lack of personal jurisdiction, arguing that Wells Fargo failed to properly serve him with the summons and complaint. (Mot. to

4

Dismiss (Doc. No. 12-6).)[4]  In doing so, Briggs placed service of process "in issue," meaning that it was "actually litigated" in the prior proceeding and qualifies as an "identical issue." *Sanchez v. Abderrahman*, No. 10-CV-3641 (CBA) (LB), 2013 WL 8170157, at *4–5 (E.D.N.Y. July 24, 2013) (citing *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006)).  As Briggs has made no effort to establish the absence of a full and fair opportunity to litigate the issue, he has not met his burden.  *See Evans*, 469 F.3d at 281–82 (noting that the party attempting to defeat the application of collateral estoppel has the burden of establishing its absence).  Moreover, "[t]hat the state court ruled against [him] and denied [his] motion[] to dismiss for improper service[] does not mean that [Briggs was] not afforded a full and fair opportunity to litigate the issue." *Sanchez*, 2014 WL 8170157, at *5.

As Wells Fargo points out, Briggs expressly bases nearly all of his causes of action on this improper service.  (Compl. at ¶ 16.)  However, mindful to construe Briggs' pleading liberally, this Court does not find that all six causes of action are necessarily premised upon the alleged improper service.[5]  Only the third cause of action, which alleges that Wells Fargo negligently hired A&J, who then engaged in unlawful conduct, is inextricable from Briggs' improper service claim that was litigated in the Foreclosure Action.  As a result, only the third cause of action is barred by collateral estoppel and must be dismissed on that ground.

---

[4] The Court takes judicial notice of Briggs' Notice of Motion filed in the Foreclosure Action for the purpose of establishing the basis for his motion.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted).
[5] The Court notes that although Briggs numbers seven causes of action, only six appear in the complaint.  In addition, the pagination of Briggs' complaint is out of order, particularly at pages 9-11.  The Court will address Briggs' claim in the order in which they appear.

**B. Fair Credit Reporting Act**

The first and most extensive claim alleged in Briggs' complaint is a violation of the Fair Credit Reporting Act ("FCRA"). Briggs asserts claims that Wells Fargo failed to delete incorrect information from his credit report and failed to properly investigate the disputes he raised.

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information . . . [and as] part of this regulatory scheme, [the FCRA] imposes several duties on those who furnish information to consumer reporting agencies." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681). Two of those duties are: (1) to report accurate information and correct any inaccurate information, and (2) upon notice from a credit reporting agency that there is a dispute regarding the completeness or accuracy of the information provided, to conduct an investigation, review the information in question, and report the results to the credit reporting agency ("CRA"). *See, e.g.*, *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *3 (E.D.N.Y. May 16, 2005). Though there is no private right of action under section 1681s-2(a), a private right of action does exist under section 1681s-2(b). *See Prakash v. Homecomings Fin.*, No. 05-CV-2895 (JFB) (VVP), 2006 WL 2570900, at *2 (E.D.N.Y. Sept. 5, 2006) (holding that a plaintiff "lacks standing to pursue claims under § 1681s-2(a) of the FCRA because the plain, unambiguous language of the statute limits the enforcement of this subsection to government agencies and officials" but that a private right of action exists under section 1681s-2(b) if the plaintiff can demonstrate that "the furnisher of the allegedly false information[] received notice from a consumer reporting agency of the dispute"). [6]

---

[6] Briggs also claims that Wells Fargo violated § 1681e(b) of the FCRA, claiming that it "failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report . . . [and] failed to conduct a proper and lawful reinvestigation." (Compl. ¶ 26.) But this section only applies to consumer

There is no dispute that Wells Fargo is a "furnisher of information to consumer reporting agencies," as described in the FCRA. 15 U.S.C. § 1681s-2. However, as Briggs concedes, "[n]otice of a dispute *to a furnisher by a consumer directly* does not trigger a furnisher's duty to reinvestigate under § 1681s-2(b)." (Compl. ¶ 24) (emphasis added). Wells Fargo's duty to investigate arises only if it were notified of the dispute by a CRA. In Briggs' own words, "the consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher." (Compl. ¶ 24.) *See also Shieh v. Flushing Branch, Chase Bank USA, N.A.*, No. 11-CV-5505 (CBA) (SMG), 2012 WL 2678932, at *7 (E.D.N.Y. July 6, 2012) (dismissing FCRA claim because plaintiff failed to allege that she contacted a CRA prior to commencing the lawsuit or that the CRA notified the defendant of the dispute); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) (noting that to maintain a claim under § 1681s-2(b), a plaintiff would need to "allege that [he] contacted the CRAs who, in turn, determined the claim was viable and contacted [the defendant], triggering [the defendant's] duty to investigate"). "[T]he FCRA does not require furnishers of information to investigate inaccuracies on the credit report absent the creditor receiving notice *from a credit reporting agency*." *Shieh*, 2012 WL 2678932, at *7 (emphasis extended) (citing *Prakash*, 2006 WL 2570900, at *2–3).

Briggs does not allege anywhere in his complaint that he notified a CRA of the dispute.[7] Further, while he makes the conclusory assertion that Wells Fargo "received notice from the three major credit reporting agencies Equifax, Experian and Transunion," he pleads no facts from which any such notice could be inferred. Briggs therefore failed to allege facts sufficient to

---

reporting agencies. *See* § 1681e(b). Because Wells Fargo is not a consumer reporting agency, its activities are not covered by this section.

[7] Briggs attached to his complaint a copy of the notice of dispute he sent to Wells Fargo, but did not attach anything that would indicate that he provided notice to a CRA.

establish that Wells Fargo had a duty to investigate any alleged inaccuracies in Briggs' credit report. As a result, Briggs's FCRA claim must be dismissed.

## C. Fair Debt Collection Practices Act

In his fifth cause of action, Briggs alleges that Wells Fargo violated the Fair Debt Collection Practices Act ("FDCPA"). He further claims that Wells Fargo is a "debt collector[] as defined in 15 U.S.C. § 1692(a)(6)," and that § 1692g requires Wells Fargo to "provide Plaintiff with verification of the alleged debt once [a notice of dispute is] received." (Compl. ¶¶ 42–43.) Briggs also notes in his complaint that the FDCPA applies to "any creditor who, in the process of collecting his own debts, uses a name other than his own which would indicate that a third person is collecting or attempting to collect such debts." (Compl. ¶ 18.) In his opposition papers, Briggs states that Wells Fargo "also used several deceptive practices throughout its attempt to collect" a debt from him. (Reply in Opp'n at 4.)

The main deceptive practice Briggs alleges is that Wells Fargo used a "fabricated Affidavit of Service." (Reply in Opp'n at 4.) As this claim relates directly to his previously-litigated allegation of improper service, it is dismissed under the doctrine of collateral estoppel. Nonetheless, as discussed below, this claim fails on wholly separate grounds as Briggs has failed to plead facts sufficient to demonstrate that the FDCPA applies to Wells Fargo under the circumstances alleged.

The FDCPA prohibits a "debt collector" from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA also requires that a debt collector provide a consumer with a detailed validation notice within five days of soliciting payment from the consumer. *See id.* § 1692g(a). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the

8

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." *Id.* 1692a(6) (emphasis added). In contrast, a creditor is defined as "a person who offers or extends credit creating a debt," *id.* § 1692a(4), and "creditors are generally not subject to the FDCPA." *Alibrandi v. Fin. Outsourcing Servs. Inc.*, 333 F.3d 82, 85 (2d Cir. 2003). However, as Briggs notes, a creditor is liable under the FDCPA if, "in the process of collecting his own debts, [he] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." § 1692a(6).

In order to sustain a claim under the FDCPA, Briggs must plead facts showing that Wells Fargo is either a debt collector or a creditor that attempted to collect on its debts by using a false name. He fails to plead either. While Briggs offers a conclusory allegation that Wells Fargo is a debt collector in his complaint, he sets forth no specific facts to support this conclusion. (*See* Compl. ¶ 42.) He does not claim that Wells Fargo's principal business purpose is debt collection, or that Wells Fargo has attempted to collect this debt on behalf of another organization. Nor does Briggs' complaint allege that Wells Fargo acquired his debt after it was in default. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) (quoting 15 U.S.C. § 1692a(6)(F)(iii), which states that "[t]he term 'debt collector' . . . does not include . . . any person collecting or attempting to collect any debt owed . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person"). Absent allegations of specific facts that could plausibly support his conclusion that Wells Fargo is a debt collector, Briggs' claim is insufficient to maintain a valid cause of action under the FDCPA. *See Schuh v. Druckman & Sinel, LLP*, 602 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) (dismissing a claim where "the complaint fails to state a claim against the [] defendants because it fails to provide any facts

that actively and plausibly support the conclusion that any of the [] defendants are 'debt collectors' within the meaning of the statute"). Finally, Briggs makes no allegation that Wells Fargo pretended to be someone else, used a pseudonym or alias, used a name implying that a third party was involved in collecting its debts, or otherwise attempted to collect on its debt by using a name other than its own. *See* 15 U.S.C. § 1692a(6); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (internal quotations and citation omitted). Accordingly, any FDCPA claim against Wells Fargo, whether for deceptive practices or for failure to provide a detailed validation notice, must be dismissed.[8]

**D. New York General Business Law § 349**

In his sixth cause of action, Briggs alleges a violation of New York General Business Law ("GBL") § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business." Briggs sets forth in his complaint the necessary elements of a claim under this law. Citing *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000), Briggs states that "an aggrieved consumer must show that (1) the act or practice was 'consumer oriented,' (2) the act or practice was misleading in a material way, and (3) the consumer suffered an injury as a result of the deceptive act." (Compl. ¶ 53.) *See also Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (citing *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)). "To show that the challenged act or practice was consumer-oriented, a plaintiff must show that it had 'a broader impact on consumers at large': 'Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758

---

[8]Briggs' fourth cause of action asserts a claim for "negligent, wanton, and intentional conduct" on the part of Wells Fargo, but the substance of this portion of the complaint discusses various sections of the FDCPA, including 15 U.S.C. §§ 1692d–f and 1692j. Because Briggs has not plausibly alleged that Wells Fargo is a debt collector within the meaning of the statute, he cannot recover for its alleged "harassment and abuse," *id.* § 1692d, "false or misleading representations," *id.* § 1692e, or "unfair practices," *id.* § 1692f. As for section 1692j, Briggs does not allege, even in a conclusory manner, that anyone furnished a deceptive form to him that caused him to incorrectly believe that someone other than the creditor was participating in the collection of the debt. This claim therefore fails as well.

F.3d 473, 490 (2d Cir. 2014) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)).

None of the deceptive acts or practices that Briggs' complaint alleges are consumer-oriented. Briggs makes no claims that Wells Fargo committed acts against consumers in general, or indeed against anyone other than Briggs. Rather, his allegations are exactly those that explicitly fall outside the statute, as they concern a private dispute unique to these two parties. Further, while Briggs asserts that Wells Fargo "use[d] . . . deceptive fabricated documents [and] tamper[ed] with official documents, and evidence in the state court," he does not describe how these acts are materially misleading. (Compl. ¶¶ 53–54.) Briggs highlights two "deceptive forms" in his opposition papers – the "fabricated Affidavit of Service" and the "failure to validate the alleged debt." (Reply in Opp'n at 5.) But a claim related to the former is precluded by collateral estoppel, as discussed above, and a claim based on the latter does not involve a document or a violation of the FDCPA (also discussed above). More importantly, neither qualifies as a consumer-oriented act or practice and thus, neither fits within the ambit of GBL § 349. *See Crawford*, 758 F.3d at 490. Briggs therefore fails to state a claim for a violation of GBL § 349 must be dismissed.

E. **Intentional Infliction of Emotional Distress**

Briggs' last cause of action cited by Briggs alleges the intentional infliction of emotional distress ("IIED"), which, as he explains in his opposition, is based on Wells Fargo's "ignorance of the consumer protection laws, or its intentional blind eye" to the FDCPA, FCRA, and GBL § 349.

An IIED claim contains four elements: 1) extreme and outrageous conduct; 2) intent to cause severe emotional distress; 3) a causal connection between the conduct and the injury; and

11

4) severe emotional distress. *See Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001). As Wells Fargo points out, "New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790–91 (2d Cir. 1996).

As in *Conboy*, where the Second Circuit rejected an IIED claim based on "numerous" telephone calls from debt collectors, the conduct Briggs alleges here falls well short of the legally required "extreme and outrageous" threshold. *Conboy*, 241 F.3d at 258–59. It cannot sustain an IIED claim, and his seventh cause of action must be dismissed.

### F. Plaintiff's Request for Leave to Amend

In his opposition papers, Briggs requests leave to amend his complaint if the court is inclined to dismiss any of the causes of action he pleads. Leave to amend is to be freely given. *See* Fed. R. Civ. P. 15(a)(2) (stating that "the court should freely give leave when justice so requires"); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Moreover, when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citation omitted). However, denial of leave to amend is proper where amendment would be futile, or "where a plaintiff fails to specify . . . how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA*, 758 F.3d at 505 (citing five separate Second Circuit cases finding denial of leave to amend appropriate where the plaintiff failed to make some showing as to how the complaint could be successfully amended).

In an abundance of caution, and in light of Briggs' *pro se* status, the Court grants Briggs leave to file an amended complaint, within thirty (30) days of the date of this Memorandum and Order, detailing his claims entitling him to recover under 15 U.S.C. § 1692s-2(b).

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss is **GRANTED**. Briggs is granted leave to re-plead within thirty (30) days from the date of this Memorandum and Order. Any amended complaint must be captioned as such and must bear the docket number assigned to this case.

Failure to timely file an amended complaint will result in dismissal of this action with prejudice.

The Clerk of Court is directed to transmit a copy of this Memorandum and Order to the plaintiff *pro se*.

SO ORDERED.

*/s/ Roslynn R. Mauskopf*

Dated: Brooklyn, New York
          March 6, 2015

ROSLYNN R. MAUSKOPF
United States District Judge